UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JP MORGAN CHASE BANK NATIONAL ASSOCIATION,

Plaintiff,

v.

CAROLYN F. DANDRIDGE-BACON/SHERIDAN,

Defendant.

CASE NO. C14-5778 BHS

ORDER OF REMAND

This matter comes before the Court on Defendant Carolyn Dandridge-Bacon/Sheridan's ("Sheridan") notice of removal and motion to proceed *in forma pauperis* (Dkt. 1). The Court has considered the notice of removal and underlying complaint and hereby *sua sponte* remands this case to the Pierce County Superior Court.

**I. PROCEDURAL BACKGROUND**

On May 14, 2014, Plaintiff JP Morgan Chase Bank National Association ("JP Morgan") filed an unlawful detainer action against Sheridan in Pierce County Superior Court. Dkt. 1, Attach. 2. JP Morgan seeks possession of the property that Sheridan

ORDER - 1

allegedly will not vacate, as well as a writ of restitution to evict Sheridan from the property. *Id.* at 2. JP Morgan's complaint does not allege any damages. *See id.*

On September 30, 2014, Sheridan removed the action to this Court on the basis of both federal question and diversity jurisdiction.[1] Dkt. 1, Attach. 1. In her notice of removal, Sheridan states that she "reasonably believes that [JP Morgan] seeks damages . . . in excess of $394,664.00." *Id.* at 2. That same day, Sheridan moved to proceed *in forma pauperis*. Dkt. 1.

## II. DISCUSSION

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

**A.     Federal Question Jurisdiction**

A defendant may remove an action on the basis of federal question jurisdiction. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "In

---

[1] While Sheridan relies on diversity jurisdiction in her notice of removal, Sheridan references federal question jurisdiction in her civil cover sheet.

determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

Sheridan has not established that the Court has federal question jurisdiction in this case. JP Morgan filed an unlawful detainer action based solely on state law. JP Morgan's complaint does not present a federal question. To the extent that Sheridan asserts federal defenses to JP Morgan's claims, a federal defense does not confer federal question jurisdiction on the Court. *See Rivet*, 522 U.S. at 475. Accordingly, the Court lacks federal question jurisdiction.

**B.     Diversity Jurisdiction**

A defendant may also remove an action on the basis of diversity jurisdiction. District courts have diversity jurisdiction when complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

1  Sheridan has not established that the amount in controversy requirement is
2  satisfied in this case. In her notice of removal, Sheridan characterizes JP Morgan's
3  complaint as seeking "damages and attorneys' fees and costs." Dkt. 1, Attach. 1 at 2.
4  Sheridan further states that she "reasonably believes that [JP Morgan] seeks
5  damages . . . in excess of $394,664.00." *Id.* A reasonable belief does not constitute proof
6  by a preponderance of the evidence. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117
7  (9th Cir. 2004). Moreover, JP Morgan seeks possession of property rather than monetary
8  damages. *See* Dkt. 1, Attach. 2. Accordingly, there is no monetary amount in
9  controversy in this case. The Court therefore lacks diversity jurisdiction as well.

### III. ORDER

Sheridan has not overcome her burden of establishing that removal is proper. Therefore, it is hereby **ORDERED** that this case is *sua sponte* **REMANDED** to the Pierce County Superior Court. The Clerk shall close this case.

Dated this 6th day of October, 2014.

BENJAMIN H. SETTLE
United States District Judge